# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HARTFORD FIRE INSURANCE CO. | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:09-cv-7091 |
| v. | ) |
| | ) Judge Blanche Manning |
| EAGLE EQUITY SERVICE and | ) |
| AAA HOME FINANCE CORP. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant AAA Home Finance Corporation ("AAA") moves this court pursuant to 28 U.S.C. § 1404(a) to transfer jurisdiction of this case to the United States District Court for the Eastern District of New York. For the reasons set forth below, this motion is granted.

**I.  Relevant Facts**

Plaintiff Hartford Fire Insurance Company ("Hartford"), a Connecticut company with its principal place of business in Connecticut, brings this action for declaratory relief against defendants Eagle Equity Service ("Eagle"), a New York corporation with its principal place of business in New York, and AAA, an Illinois company with its principal place of business in Illinois. Hartford is seeking a declaratory judgment that it has no duty to defend or indemnify Eagle in connection with a class action lawsuit filed in the Circuit Court of Cook County, Illinois, under the caption, *AAA Home Finance Corp. v. Eagle Equity Service, Inc.,* Case No. 07 CH 35070 (the "underlying lawsuit").

In the underlying lawsuit, AAA alleges that Eagle sent unsolicited fax advertisements to AAA and at least 39 other recipients. According to AAA, Eagle's conduct violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, constituted conversion of AAA's and the putative class members' fax machines, paper (or ink cartridges), toner, and employee time, and

constituted an unfair practice under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

Hartford issued insurance policies to Eagle for the period of October 22, 2002, to October 23, 2003, and thereafter renewed the policy annually through October 22, 2007. Eagle tendered its defense in the underlying lawsuit to Hartford on August 27, 2009. Hartford subsequently filed this declaratory judgment action seeking to deny coverage to Eagle for the defense and indemnity of the underlying lawsuit. On March 11, 2010, this court entered a default against Eagle in the declaratory judgment action.

The disputed insurance policies were solicited, negotiated, delivered and executed in New York. Eagle submitted its coverage claims in New York, and Hartford denied the coverage claims in New York. Further, both Hartford and AAA agree that New York state law will govern the resolution of the declaratory judgment action.

## II. Legal Analysis

### A. Legal Standard For Motion To Transfer Venue

Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, a transfer is possible if: (1) venue is proper in both the transferor and transferee courts; (2) transfer will serve the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *See Boyd v. Snyder,* 44 F. Supp. 2d 966, 968 (N.D. Ill. 1999). Further, the transferor court retains discretion as to whether to transfer the case. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219-20 (7th Cir. 1986). The party moving for transfer has the burden of showing that the transferee forum is "clearly more convenient" than the transferor forum. *Id.*

B.  **Venue Is Proper In Both The Northern District Of Illinois And The Eastern District of New York.**

The parties agree that venue is proper in both this court and the Eastern District of New York.  AAA is the party seeking the transfer to New York, and has waived any objection to personal jurisdiction in New York.  Therefore, the court proceeds to an analysis of the second factor, whether transfer will serve the convenience of the parties and witnesses.

C.  **Transfer Will Serve The Convenience Of The Parties And Witnesses.**

The court considers five sub-factors to determine whether transfer will serve the convenience of the parties and witnesses: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties in litigating in the respective forums." *Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc.,* 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999).  Prior to analyzing these factors, however, the court notes that the parties dispute whether AAA is a "nominal" defendant in the instant case.  But, the issue of whether AAA is a nominal defendant is simply not germane to a proper consideration of the relevant factors.

With regard to plaintiff's choice of forum, the deference accorded to this sub-factor is minimal because plaintiff's choice of forum in a declaratory judgment action, such as the instant case, is entitled to less weight than plaintiff's choice of forum in a non-declaratory judgment action. *Wash. Nat'l Life Ins. Co. v. Calcasieu Parish Sch. Bd.,* No. 05 C 2551, 2006 WL 1215413, at *9 (N.D. Ill. May 2, 2006) (citing *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 718 (7th Cir. 2002)).  Thus, Hartford's choice of forum weighs only slightly against the transfer.

As to the situs of material events, Hartford argues that the underlying suit in Illinois is the most relevant material event.  As AAA points out, however, the instant case relates specifically to the coverage provided by the provisions of the insurance policies, not the underlying lawsuit.

3

The insurance policy provisions were negotiated and delivered in New York, and as a result, the situs of events material to the lawsuit is New York, thus favoring transfer.

As to ease of access to sources of proof and witnesses, Hartford contends that because the court has entered default against Eagle Equity, "this litigation could be concluded by merely entering a default judgment against Eagle Equity, which would require no testimony and no evidentiary hearing." Hartford's Response at 4, Dkt. #41. The court agrees that, at this point in the proceedings with the entry of default having been made, ease of access to sources of proof and witnesses does not favor either forum.

However, to the extent they prove to be relevant, for instance, should Eagle Equity move to vacate the default entered against it, these factors favor transfer. Concerning the relative ease of access to sources of proof, both parties agree that the insurance files are located in New York. While the complaint in the underlying litigation is located in Illinois, this dispute does not concern the underlying litigation; rather, it concerns the insurance policy. Thus, the New York venue affords greater ease of access to sources of proof. With respect to witnesses, parties are required to submit affidavits or stipulations regarding witnesses they intend to question. *See Heller Financial Inc. v. Mid-Whey Powder Co., Inc.,* 883 F.2d 1286, 1293-94 (7th Cir. 1989) (explaining that movant must "clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included"). While AAA failed to submit a list of witnesses, the court nonetheless has no reason to suspect that potential witnesses will hale from Illinois because the disputed insurance policies at hand were solicited, negotiated, delivered, and executed in New York.

Finally, in terms of the convenience of the parties, Eagle is a New York corporation, possessing its principal place of business in New York. While Hartford maintains offices in

Illinois, it is incorporated in Connecticut and maintains its principal place of business in Connecticut, which is located closer to New York than Illinois. The only party incorporated in Illinois, with its principal place of business in Illinois, is AAA, and, as previously noted, it has agreed to submit to the jurisdiction of the Eastern District of New York. As such, the New York venue will serve the convenience of the parties.

### D. The Transfer Is In The Interest Of Justice.

The third and final factor requires the court to determine whether the transfer furthers the "efficient administration of the court system." *Coffey,* 796 F.2d at 221. In assessing whether the interest of justice will be served, the court considers each potential forum court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of litigating the case in each locale. *See Amoco Oil Co. v. Mobil Oil Corp.,* 90 F. Supp. 2d 958, 961 (N.D. Ill. 2000).

With regard to each court's familiarity with the applicable law, in a diversity suit, it is "considered advantageous to have federal judges try a case who are familiar with the applicable state law." *Coffey,* 796 F.2d at 221. The parties agree that New York state law controls

resolution of this dispute.[1]  The New York court's familiarity with New York state law thus favors transfer.

Concerning the speed at which the case will proceed to trial, cases in the Northern District of Illinois proceed from filing to disposition 3 to 4 months faster than cases in the Eastern District of New York.  Def. AAA Home Fin. Corp.'s Mem. of Law in Supp. of Its Mot. to Transfer Venue at 11;  Hartford Fire Ins. Co. v. Eagle Equity Serv. & AAA Home Fin. Corp., No. 1:09-cv-7091 (N.D. Ill. Apr. 19, 2010) (citing 2009 U.S. District Court – Judicial Caseload Profile, http://www.uscourts.gov/cgi-bin/cmsd2009.pl (last visited June 4, 2010)).  Moreover, cases in the Northern District of Illinois proceed from filing to trial 3 to 4 months faster than in the Eastern District of New York.  *Id.*

As an initial matter, a default has been entered in this case already; thus, the time to trial or final disposition may be irrelevant.  Even assuming the speed to which cases go to trial in the different jurisdictions is relevant, the difference is negligible and slightly favors transfer.  *See Biomet, Inc. v. Stryker Howmedica Osteonics Corp.,* No. 03 C 6491, 2004 WL 769358, at *7

---

[1] Indeed, Hartford filed a 15-page motion for summary judgment in support of its motion for default judgment against Eagle Equity, which was stricken by this court for failure to follow this court's standing order.  Hartford's motion contains a detailed discussion under New York law as to why it is entitled to judgment including that: (1) AAA's claims against Eagle Equity in the underlying lawsuit do not fall within the scope of the insuring agreements; and/or (2) certain exclusions apply.  While Eagle Equity has defaulted and thus admits the allegations of the complaint, *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004), the deciding court must still determine that those allegations provide Hartford with the declaratory relief it seeks.  As noted, New York courts are in a better position to decide issues under New York law.  This is particularly true here where, as Hartford notes, "[t]here are no published New York decisions addressing whether liability insurance policies cover claims arising out of unsolicited fax advertisements," Hartford's Response at 10, Dkt. #41, and the court will be deciding the issue under New York law as a matter of first impression.

(N.D. Ill. Apr. 9, 2004) (finding a 2-month difference in time from filing to disposition and a 4-month difference in time from filing to trial "not significant").

Finally, in assessing the desirability of litigating the case in each locale, the interest of each locale in the suit is to be considered. The coverage dispute is between Hartford, a Connecticut company, and Eagle, a New York corporation, and the disputed policy was negotiated and delivered in New York. While it is true that AAA, an Illinois corporation, will be affected by the resolution of this dispute, the resolution nonetheless concerns the interpretation of insurance policies issued in New York to a New York company, Eagle. Therefore, the people of New York have a greater interest in the resolution of this case than the people of Illinois. *See St. Paul Fire & Marine Ins. Co. v. Brother Int'l Corp.,* No. 05 C 5484, 2006 WL 1543275, at *6 (N.D. Ill. June 1, 2006) ("Brother argues that New Jersey has a stronger interest than Illinois in determining whether a New Jersey corporation recovers under an insurance policy issued in New Jersey. The court agrees: it is difficult to see what interest Illinois might have in resolving this dispute").

### III. Conclusion

This court finds that transfer to New York pursuant to § 1404(a) is appropriate. The strong connection of the coverage dispute to the state of New York far outweighs the minimal deference accorded to Hartford's choice of forum. The court concludes that overall, the private interests and the interests of justice weigh in favor of transfer and demonstrate that New York provides a more convenient forum.

**ENTER**:

Date: June 17, 2010

*[signature: Blanche M. Manning]*
**District Judge Blanche M. Manning**